UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN F. WINSTON                      :
                                       :
   v.                                    :        C.A. No. 15-220ML
                                         :
STATE OF RHODE ISLAND            :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

John F. Winston ("Winston" or "Petitioner") filed his Petition for Writ of Habeas Corpus on May 26, 2015. (Document No. 1). On July 9, 2015, Respondent, State of Rhode Island, filed a Motion to Dismiss the Petition as unexhausted. (Document No. 4). This matter was referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 4) be GRANTED and that the Petition (Document No. 1) be DISMISSED.

**Background**

Although not a model of clarity, Plaintiff apparently seeks relief under 28 U.S.C. § 2254 concerning his April 8, 2015 adjudication of probation violation for which he received a sixty-six month execution of a previously imposed suspended sentence. (Document No. 1 at pp. 2-4, Document No. 4 at p. 2). Petitioner concedes, however, that he has not sought Rhode Island Supreme Court review of the probation violation finding, nor has he received any adjudication of

post-conviction relief concerning the underlying violation.[1] Accordingly, his Petition is unexhausted and must be dismissed.

**Discussion**

Section 2254(b)(1) and (c) codifies the exhaustion requirement in habeas cases brought by state prisoners; that section provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained that this section mandates that a state prisoner "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The petitioner bears a "heavy burden" to demonstrate satisfaction of the exhaustion requirement. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011); Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002); Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Failure to shoulder this burden "is ordinarily

---

[1] Petitioner responded that he sought "further review by a higher state court" and indicated that the Court was the United States District Court for the District of Rhode Island. He cited to C.A. No. 15-042ML. In that case, Petitioner filed a 42 U.S.C. § 1983 claim, requesting that he be released from prison. I issued a Report and Recommendation detailing why his §1983 lawsuit did not state a legal claim, and also noted that, even if he sought habeas relief under 28 U.S.C. § 2254, his claims were not exhausted. (Document No. 5 in C.A. No. 15-042ML.) Judge Lisi adopted the Report and Recommendation and dismissed Mr. Winston's case as unexhausted. (Document No. 6 in C.A. No. 15-042ML).

fatal to the prosecution of a federal habeas case." Coningford, 640 F.3d at 482; see also Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

The exhaustion doctrine requires a habeas petitioner to "fairly present" his federal constitutional claim to the state courts, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001). The "substance" of the claim, Picard v. Connor, 404 U.S. 270, 278 (1971) – in other words, "both the factual and legal underpinnings of [the] claim," Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) – must be presented. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

In this case, in stark contrast to the lack of clarity surrounding the relevant background facts and Petitioner's claims, one thing is abundantly clear from the face of the Petition – the claims asserted by Petitioner relate to an April 8, 2015 Superior Court proceeding and were never brought before the Rhode Island Supreme Court via a direct appeal or the subject of any other post-conviction collateral challenge in state court. The Petitioner repeatedly acknowledges in response to the questions posed in the form habeas petition that he did not appeal his probation violation conviction to the Supreme Court. He notes, however, that he exhausted his state court remedies by filing a "Civil Suit with United States District Courthouse." (See, e.g., Document No. 1, p. 6). His prior civil suit in this Court does not satisfy the state court exhaustion requirement in 28 U.S.C. § 2254(b)(1).

**Conclusion**

For the foregoing reasons, I recommend that the State of Rhode Island's Motion to Dismiss (Document No. 4) be GRANTED and the Petition for Writ of Habeas Corpus (Document No. 1) be

DISMISSED as unexhausted.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 10, 2015